The next case in our call this morning is agenda number six, case number 106-311. People X. Rel. Richard A. Devine, State's Attorney of Cook County, versus the Honorable James Linn, Judge of the Circuit Court of Cook County. Mr. Spellberg, you may proceed at your, when you're ready. Good morning, Mr. Chief Justice, Honorable Justices of the Supreme Court, Council. I am Assistant State's Attorney Alan Spellberg, representing the petitioner in this case, Cook County State's Attorney Richard A. Devine. Could I just start off with some information? Where is this case now in the appellate court? The matter is pending. The defendant is being extension of time for the completion of the record on appeal. I believe the date that they've requested is December 1st. So at that point, there's nothing else been filed, no briefing at this matter yet. Should this court delay a decision until the appellate court has ruled in that case? Your Honor, I don't believe that's appropriate, as demonstrated by the Massileo decision, People X. Rel. Devine versus Massileo, where the same scenario occurred, where there was a mandamus brought on appeal by the State's Attorney's Office while the defendant was seeking a direct appeal of his conviction. This court actually entered a conditional writ, depending upon whether or not the appellate court affirmed the conviction. And so that way, if the appellate court were to affirm the conviction, the mandatory naturalized sentence would be imposed. I believe that that is the appropriate relief to be granted in this case also, rather than to wait for the appellate court to rule upon the appeal. And the defendant is in custody now? Yes, the defendant is in custody. That's correct. As I stated, the issue before this court is quite simple. It's whether a trial court judge can refuse to impose a mandatory naturalized sentence as required by statute, even though the appellate court and the Supreme Court have both held that such sentence is properly imposed upon an adult criminal defendant who's been found guilty under a theory of accountability. In this case, the respondent, the Honorable James Lynn, specifically refused to impose that mandatory naturalized sentence, even though the defendant was found guilty of the murders of Sean Russell and, excuse me, Sean Bland and Ian Russell. Instead, he imposed two separate sentences for murder, one of 30 years, one of 35 years, to be served consecutively for a total of 65 years imprisonment. Petitioner now requests this court to issue a writ of mandamus or prohibition directing Judge Lynn to vacate the earlier sentence which he imposed and instead to impose the mandatory naturalized sentence as required by statute. Such an extraordinary remedy is appropriate in this case because the plain language of the statute, Section 5-8-1A1C2, makes clear that whenever a defendant is found guilty of murdering two or more people, a naturalized sentence must be imposed. As this court has repeatedly held in People X. Rel. Daly v. Strayhorn and People v. Clark, the statute leaves absolutely no discretion to the trial judge to impose any other sentence. Similarly, this court has expressly held in both People v. Taylor and People v. Miller that a mandatory sentence of natural life is constitutionally imposed under our state constitution upon all adult defendants, even if they have been convicted under a theory of accountability. In this case, the defendant was 19 years old at the time the crime was committed and was convicted under a theory of accountability, found guilty by the jury. Clearly, under the statute and under the case law from this court, there is no question that a naturalized sentence was required. Do we have a proportionate penalty issued before us? No, Your Honor. This is exclusively a mandamus question. The question is simply whether or not Judge Lynn was required to follow both the statute and the binding case law upon him. Judge Lynn did not make a finding that the statute was unconstitutional. Nowhere in the record did he say that it was unconstitutional. Nowhere in the record did he even mention the governing standard for unconstitutionality of disproportionate penalty. In Miller, this court held that a mandatory statute, mandatory sentencing statute, will be deemed unconstitutional as disproportionate under our state constitution if it is so cruel or degrading or so disproportionate as to shock the moral sense of the community. In this case, Judge Lynn made no such finding. Instead, what he found was that a naturalized sentence would result in, quote, some bit of unfairness to the defendant. Clearly, that is not a finding of unconstitutionality. Instead, what the record demonstrates is that Judge Lynn was personally troubled at the that he solicited new counsel for the defendant to come in, in the post-trial stage, to try and address the question of the statute. But he Counsel, didn't he, didn't Judge Lynn find the statute unconstitutional by implication because he relied on Miller? Well, Your Honor, first of all, it's not clear that he found it by implication because he, at one point, he actually says that Miller is distinct. And it would have to be distinct because Miller specifically holds that the statute is constitutionally applied to adult criminal defendants, because Miller was based upon the unique convergence of the three mandatory statutes, the automatic transfer, the mandatory natural life, and the accountability statute. But wouldn't it be required that, to deviate or depart from the mandatory language of the statute, to have that, for him to do that? I'm sorry, Your Honor, I'm trying to understand the question. Wasn't it, isn't it such a finding required in order for him to depart from the language of the statute? Well, yes, Your Honor, that's, that's, our position is that not only did he not make that finding, but that he just did not impose the statute, the sentence which he's required to do by statute. As further evidence as to why he did not find the statute unconstitutional, it was his complete failure to satisfy any of the requirements under Rule 18. This Court has made clear, both in case law and in its promulgation of Rule 18, that before a trial judge can find a statute unconstitutional, either facially or as applied, it must set out certain factors in the record to be found as true. Most importantly is an express finding that it was unconstitutional and that the Court could not avoid reaching that constitutionality question for any other reason. There's no such finding in the record here. Judge Lynn clearly knew what to do in order to find it unconstitutional, as Judge Lynn was the trial judge who declared the statute unconstitutional in Miller. In our reply brief, we highlight the, the distinction between Judge Lynn's findings in Miller and those in this case. In Miller, he expressly stated that based upon the statute and the disproportionate penalty, it was unconstitutionally applied as to that 15-year-old defendant to impose a sentence of natural life. Mr. Spelberg, I, I understand your position that, namely, this is just a mandamus action. I, I think, do I understand your alternate position that the, again, getting into what, what Judge Lynn did here, that the, at least the ambiguity of his comments, you're also requesting this Court, if we find that in any way this was a finding of unconstitutionality, you're asking us to recast your mandamus as a late notice of appeal? Yes, Your Honor, that is an alternate request that we make. And again, I understand, you're not saying that's necessary here. I just want to understand what you're asking us to do. No, and thank you, I appreciate the opportunity to clarify that. We do make that request, as counsel suggests in his brief and as he suggested in his response to the original motion for leave to file the mandamus. We, the decision was made to view this as a mandamus action because the record is so unclear, because the record is devoid of any precise finding of, a finding of unconstitutionality. And as a result, the State's Attorney's Office was, was, had to make a decision. Should we take an appeal from a finding which is not made on the record, and thereby run the risk of having to be dismissed for lack of jurisdiction because the court didn't make it? Or, should we view it as a mandamus action because the record does demonstrate that Judge Lynn was fully aware of all of the precedent, all the precedent demonstrating that the statute was constitutionally applied to adult criminal defendants who are found guilty under accountability theory. All of the precedent from both, precedent from both this court and the appellate court. And yet, Judge Lynn, despite being fully aware of that, still chose to progress and to impose a sentence less than natural life. In fact, it appears that Judge Lynn settled on a sentence of 65 years in total in hopes that maybe it would not be challenged on appeal. As he stated in his findings, that it, to ensure this court, that if it is ever reversed by this court or the appellate court, he would certainly comply with it. But until that point, he was going to impose a 65 year sentence. And so for that reason, the decision had to be made to treat this as a mandamus because it shows Judge Lynn refusal to abide by the case law after it was brought to his attention, not simply a finding that the statute was unconstitutional. Another important point to distinguish it from Miller, I'd just like to raise, is that in the Miller court decision itself, in the Miller decision from this court went out of its way to explain that the issue was not decided by prior precedent. It demonstrated that the prior precedent in Miller was that the statute was constitutional as applied to adult defendants who were found under accountability and juvenile defendants who were found guilty as principles. But no court had ever decided the constitutional question of the legitimacy of the proportionate penalty for juvenile defendants found guilty solely on an accountability theory. And so because it was an open question in Miller, Judge Lynn was permitted to reach the conclusion that he did. In this case, it's clear that it is not an open question. There is no basis for it to address that. And in fact, in my opponent's brief, they apparently recognize it's not an open question because they assert to this court in this mandamus action that the appellate court decisions which find the statute was constitutional are wrong. Well, Judge Lynn doesn't have the authority to decide whether or not they were wrong. This court clearly does, not in this forum, but this court would clearly have an appeal. But Judge Lynn does not. Judge Lynn is bound by that ruling whether or not it's correct. As this court stated recently in Carpenter, as it stated in AA, as it stated in Dominique F., as stated in our brief, the trial court judge is bound to follow the rulings of the appellate court, cannot diverge from them. Now, it could also be stated, and I know my counsel makes the argument, that all those cases are distinct, that they're factually distinguishable. And as Miller stated, that the case must be decided upon its own unique facts. Well, to accept that argument is true. And I should point out that, of course, Judge Lynn made no attempt to distinguish the cases on their facts. In fact, he made no attempt to even acknowledge them other than saying that he knows that the cases are there. No attempt to distinguish them, no attempt to explain why they didn't apply to this case. But if to accept the defendant's assertion that every case is unique on its facts and therefore no case applies, would destroy our system of precedent. In order for a case to be distinguished, it has to be distinguished on a significant ground, on a ground that makes sense, that seems compelling. To just say it doesn't apply because the facts are unique would mean that every case stands on its own and no precedent should ever apply, whether from this court, from the appellate court, from the federal courts. And for that reason that mandamus is appropriate in this case. In recognizing the pending appeal in the appellate court, we would ask for this court to either issue a conditional writ of mandamus or to issue a writ of prohibition directing Judge Lynn to vacate his order and to either impose a sentence of natural life or to find it unconstitutional in complete compliance with the laws required. And for that reason and for the reasons stated in our brief, the petitioner respectfully requests that this court issue a writ of mandamus or prohibition against Judge Lynn. Thank you. Mr. Sanders. Good morning, Your Honors. Counsel, may it please the Court. My name is Stephen Sanders. I represent the criminal defendant in the case underlying this mandamus petition, Daniel Lucas, responding on behalf of Judge Lynn's, preserving Judge Lynn's decision. Your Honors, exercising this Court's extraordinary power to grant a writ of mandamus in this case would work a dramatic and precedent-setting change in Illinois law. It would rewrite both the substantive law of mandamus as well as this Court's own rules regarding appellate procedure. By contrast, dismissing the State's petition with prejudice and leaving in place the 65-year sentence imposed on Daniel Lucas by Judge Lynn would work no change in Illinois law. It would simply underscore the rule that this Court established in People v. Miller, People v. Wooters, People v. Huddleston, that Rule 603 provides the proper rule for appealing this, the proper route for appealing this kind of sentencing determination. It would avoid disturbing a half-century of settled precedent that a writ of mandamus may not be used for direct review or for error correction. And finally, the sentence handed down by the Circuit Court in this case would have no precedential effect on the other courts of this State. Should another case such as this one arise at some point in the future and should in that case the State follow proper appellate procedure to seek direct review of that decision, then this Court can properly consider the merits should it choose to do so and the applicability of Miller. The State could have appealed only if there had been a finding of unconstitutionality. That's correct, Justice Fitzgerald. And with that, let me go ahead and move to the issues of whether there was a constitutional determination. That is the critical issue here. If there was, the State's petition must be dismissed with prejudice because mandamus cannot be used for error correction. The 65-year sentence imposed by Judge Lynn was not the outlaw act of defiance that the State portrays. Judge Lynn did not do this on a whim. He did not impose the 65-year sentence because he was saying he wanted to make a statement of some sort or that he disagreed or thought the previous cases had been wrongly decided. The entire context of Daniel Lucas's sentencing proceeding makes clear that the only issue behind the 65-year sentence that Judge Lynn imposed was whether a natural life sentence would have been constitutionally disproportionate in this case. I would point the Court to five factors. First, Judge Lynn was obviously very familiar with people v. Miller. As counsel stated, he was the circuit judge in that case. Second, we had. Yes. Can we get to specific? I've got a copy of a portion of the transcript of Judge Lynn. And one thing strikes me that I think has to be addressed with respect to anything as it applies to proportionality and constitutionality. He says after the Assistant State's Attorney indicates that the defendant was 19 at the time of the crime, he says, I suggest that the Miller case ought not to apply to him at all and that the chips have fallen where they have fallen. And then he goes down and he says there is some bit of unfairness as to Daniel Lucas. Again, after addressing his age and what have you, and he was the lookout versus the shooter. But he says, I will sentence him to a term of years today. So he makes that determination. I'm going to sentence him to a term of years. And then after saying that, he says the one argument that is left, looking at the Miller case in totality of all the circumstances in this case, is the argument about proportionality. And that's all he says. He discusses after determining to sentence him to a period of years, term of years, then he says there's this Miller proportionality thing. Doesn't even say how that somehow had anything to do with his judgment in sentencing to a term of years, where he just uses the word unfairness. So I guess my question is twofold. The first is, how is this in any way, shape, or form a determination of unconstitutionality? And second, and it's tied into that, and it's what I asked Mr. Spellberg, with this record, with these statements, if indeed this court finds that there's a determination as to unconstitutionality, shouldn't we just allow this mandamus to be labeled a late notice of appeal at this particular juncture? I know it's a long-winded question, but have at it. Sure, Justice Thomas. Thank you. I appreciate the opportunity. First, regarding the transcript and what Judge Lynn said, if the question here is specifically did Judge Lynn's oral ruling comply with the technical requirements of Rule 18, I am not going to argue that it did. If we look at Rule 18, however, I would say it's important to, it's critical to recognize that to say a ruling did not comply with Rule 18, that the judge did not fully articulate on the record the reasons for a finding of unconstitutionality, is not the same thing as saying that there was not a constitutional determination. And to that point, I would point the Court to the context. First, we have to assume the reason that Judge Lynn agreed to appoint new sentencing counsel for Lucas for his sentencing was that he saw some parallels between Lucas's case and the defendant in Miller. Lucas submitted a lengthy memorandum setting forth the governing standard for constitutional sentencing challenges and laying out in detail the constitutional arguments as to why a natural life sentence in this case would violate the Proportion Penalties Clause. I think we simply have to regard Judge Lynn's oral ruling as essentially incorporating that Most of the discussion at Lucas's sentencing centered on the constitutional challenge and specifically the applicability of the Miller decision. In fact, the State's attorney at the sentencing opened the proceedings by saying, quote, The only question, Judge, the defendant seems to be claiming that as applied to him, a mandatory life sentence would be unconstitutional. And so if we look at the context of what had just taken place before Judge Lynn, the memorandum that Judge Lynn had received, which, by the way, the State never bothered to respond to, I think we have to conclude that even if the ruling did not comply with the technical requirements of Rule 18, there certainly was a constitutional determination. There's no other plausible explanation for why Judge Lynn would have done what he did in this case. I think his comments about unfairness reflected his views. He had been there. He had seen three trials. He had heard all the testimony. He was in the best position to evaluate the facts and the credibility and the specific level of personal culpability of Daniel Lucas. So I think his observation about unfairness to Daniel Lucas should not take away from the extensive record of the discussion and of the constitutional arguments that were put to him. What about the fact that Judge Lynn was the trial judge in Miller and made those findings of record? And does that weigh against you? I don't think it does, Justice Garvin. Again, I certainly don't want to denigrate or devalue Rule 18. And actually, Rule 18 came into play after Miller, the requirement that a judge specifically state in the oral record his reasons for doing so. I think that because for whatever reason Judge Lynn didn't do that, perhaps he thought that, again, the arguments and the deliberations that had taken place before him that day established, and the written memorandum that Lucas had submitted established the reasons for the basis of the ruling, all of the exchange with counsel that Judge Lynn had. And I can only speculate that in his mind, he thought it couldn't possibly be unclear what was going on here, that this was about a disproportionate sentence under the Proportionate Penalties Clause. Wasn't it equally clear that he didn't feel that People v. Miller had added anything to his case that was before him? I'm not quite sure what to make of the argument, what to make of the one line that Justice Thomas quoted from the transcript, if that's what you're referring to, Justice Fitzgerald. It's hard to know, as it is with many transcripts, whether there was a transcription error, whether he was looking at the state's counsel and characterizing that as the state's counsel's position. I think that one of the... There were significant factual differences between Miller's and Mr. Lucas's case. There were significant... That's correct, Justice Fitzgerald. There were significant factual differences between the two cases. However, as we explain in our brief, Miller very much stands for the proposition that it is the specific facts of each case and each defendant's personal culpability that are the important factors. By definition, those are the factors that go into a finding of as-applied unconstitutionality. And so I think the way the State has briefed and argued this case is as if Judge Lynn had struck down a statute as facially unconstitutional. This is not a case like People v. Taylor or People v. Perry, where the issue that was teed up for appellate review was the very authority of the legislature to... ...portion the penalty challenge in this case. Yes, that's correct. That's correct. Is it limited to shocking the conscience of the community? Justice Fitzgerald, in Miller, this Court specifically and expressly noted that it has always declined to specifically define what it means to shock the moral sense of the community. But the position is that this case, whatever the definition, this case before us, would fit that challenge. That's correct. And that argument is expressly made and that governing standard is expressly laid out in the sentencing memorandum that Daniel Lucas presented and which is in the record before you. Just to go back... Wasn't it fair, Mr. Sanders, of the State to take the position, especially looking at this transcript again, with right before he says, I'm going to sentence the defendant to years, he said, I'm left with the feeling that somehow in this grand layout, in the entirety of this matter, that there is some bit of unfairness as to Daniel Lucas. So I'm going to sentence him to years. Isn't it quite a stretch to take what's been set fire and that and say this is this finding, broad finding of unconstitutionality in this case? I mean, didn't the State, regardless of how we rule on whether the writ should be due, I mean, can they be faulted based on this record for filing a mandamus action and saying this judge didn't like the fact that the shooter got off and the lookout didn't and decided to not follow the law and gave him a term of years? I mean, could they have done anything else in this context? Justice Thomas, I think they, I would suggest they clearly could have. They could have filed a notice of appeal, taking into account everything that had taken place, everything Lucas had submitted, the constitutional arguments he had submitted, the arguments that took place that day before Judge Lynn. They could have filed a notice of appeal, and I'm aware of no reason why they could not, in that notice of appeal, had asked in the alternative for mandamus relief. In other words, there appears to be a constitutional issue that's going on in this case. That's all that was discussed in all the filings. That's really all that was discussed by counsel in front of the judge, and so I see no reason why the state would have chosen to simply take a gamble and go for a writ of mandamus as opposed to asking for an appeal, and in the alternative, if this court decided that there was not a constitutional determination here, then to ask in the alternative for a writ of mandamus. That, I would suggest, would have been the reasonable and the safe and the appropriate, but instead, I think that the record simply, the record of the proceedings simply belies the idea that there was no proportionality issue here. Essentially, if this, by asking the court to consider its petition for a writ of mandamus to be, in effect, a late notice of appeal, is asking the court, in many ways, to engage in a legal fiction. Is there any import to the fact that even the judge may not have thought he was making a constitutional finding? I will sentence him to a term of years today, and let me say that should the appellate court feel or the Supreme Court feel, well, the appellate court isn't going to determine a finding of unconstitutionality. We would, right? But he said, should the appellate court feel or the Supreme Court feel that I am an error, they can be confident that they can send this back here immediately. Would the appellate court be ruling on a finding of unconstitutionality by Judge Lynn? Well, the, again, I don't know specifically why he would have used those words. Clearly, the appellate court would not have been ruling on a finding of unconstitutionality since Rule 603 provides for a direct appeal. However, nor would the appellate court have been ruling on a petition for writ of mandamus. And so, no matter which way you choose to characterize this case, the appellate court would not have been involved. And so, you know, I don't think for that reason we can read into that specific comment of Judge Lynn's. You know, his, any determinative view of what he thought he was doing or the legal character, you know, his, that he was somehow characterizing this as something other than a constitutional determination. Counsel, if I may? Yes, Justice. When Miller was issued, I think it appeared that this court was trying to limit it to the unique facts of that case. And now we're getting kind of a Miller argument on another case. And I just, in this case, what you're asking, I think what you're asking us to do, you make a nice argument in doing it, is to, it's, I would say, is to find an inferential constitutional challenge based upon the whole record. Can you point to any other case where that has ever been done? First question. Second question. That's an unfair question, but do you think that there's any chance that making such a ruling could wreak havoc on our, our processing of cases like this, whether that should play a part in our decision? Justice Fitzgerald, when you say an inferential finding of unconstitutionality, I'm, I'm not sure I would agree with that characterization because, again, that, that is, if we, if we're only looking, if, if the only thing in the record, if the only thing before this court were Judge Lynn's words when he pronounced the sentence, that might be an accurate characterization. If, though, we look at the memorandum Lucas provided, which expressly made nothing other than a constitutional argument under the moral sense of the community. If we look at the discussion at sentencing. Did he ever make a ruling on that issue? He did not make a ruling that would have complied with Rule 18. But even though, granting that he's well short of Rule 18, was there, was there ever a statement by, by Judge Lynn that he was making, that he was agreeing with the memorandum, or he was making a finding of unconstitutionality or anything of that nature? I think we would have to find that simply implicit in his references in sentencing to proportionality and to Miller. I'm sorry? Is that pretty close to inference? Um, that would be, that would be inference. But I, I think if we were also troubled by that, we would need to look, you know, what other grounds for the sentencing decision were ever discussed, were ever submitted in writing, were ever discussed at oral argument. Um, if we think it, it could have been some other reason other than the unconstitutionality, we would have to look for some evidence that that was in play as well. And I don't think there is any substantial evidence in the record that would, that would support, uh, the idea that Judge Lynn was saying, okay, I've heard the constitutional arguments. I'm not comfortable with those. So instead I'm simply going to go on my instinct and, and give something other than a term of natural life. That, that conclusion seems to me far more unreasonable than inferring that Judge Lynn was adopting by reference, essentially all of the constitutional arguments that had been made to him at this point. Um, Justice Fitzgerald, I would like to address your point briefly if I could about, uh, the meaning of Miller. Um, this court in Miller very clearly, uh, before it talked about, uh, uh, the, the, the specific criteria, juvenile status, personal culpability and so forth, what this court said was we agree with defendant that a mandatory sentence of natural life in prison with no possibility of parole grossly distorts the factual realities of the case and is not accurately represent defendant's personal culpability such that it shocks the moral conscience. That seems to be the overarching principle of Miller. And then specifically the court says it's particularly appropriate to apply that principle here and find the moral conscience of the community shocked in the case of a 15 year old defendant with a low level of culpability. But I believe, and I realize I'm speaking to the author of Miller, but I believe one can search the opinion in vain for any language that says we specifically hold today that this only applies to juveniles, the juvenile status is necessary, but not sufficient. If I can, I don't, I don't think you'd have any, anybody that would disagree with you if you said a proportionate penalty argument can look to determine whether or not the whole context of a given case that it would shock the conscience of the community if you would close that sentence. That, I don't question that one bit. I'm having a harder time, though, getting to the point where you even make that analysis within the context of this case based upon what went on at the hearing. Meaning how the specific findings... Judge Lynn said, however he said it, he said I would have sentenced him to a term of years. I guess that says in some, in some way the defendant had, had prevailed. But I'm having a very hard time seeing how that becomes a concrete constitutional finding upon which this court can look at the facts of the case and decide whether or not, whether it had been a proportionate penalties violation or not. Again, Justice Fitzgerald, I think all I can suggest on that point is to look at the entire record that's before the court, the arguments that were presented, the arguments orally that took place before Judge Lynn. All of the arguments as comparing Miller to the facts of this case were made in the memorandum that Daniel Lucas submitted and are again made in our brief. Of course, we would submit that it would be inappropriate at this point, really under any circumstances, may I conclude, that it would be inappropriate under any circumstances to actually reach the merits of that decision. And so for that reason, we would ask that the court dismiss the state's petition with prejudice and reject its suggestion based on no good cause regarding a late notice of appeal. And just one more sentence, if I may, if the court does remand for clarification to Judge Lynn on the Rule 18 issue, we would respectfully suggest that's certainly appropriate if the court chooses to do that. However, that would suggest that the court is not regarding this as a mandamus. It is choosing to review the issue on the merits and the court would need to make clear the basis on which it was choosing to do that. Thank you. Thank you, counsel. Case number 106. I'm sorry. I'm sorry, a very brief rebuttal, I apologize. Just in terms of the question as to whether or not this was an appealable order to be brought directly to this court under Supreme Court Rule 603, I just wish to point this court out to the decision in People v. Kleiner specifically pointing out that the state can only appeal in those cases which are specifically delineated in Rule 604. Inherent in that decision is a recognition that there must be a clear ruling by the trial court. In the absence of a clear ruling, the state is not allowed to appeal. That rule is consistent with the longstanding presumption that statutes are constitutional and the trial judges are presumed to not find them unconstitutional in the absence of a clear and mandatory and necessary finding. That's why this court issued Rule 18, because there would be a presumption against findings of unconstitutionality. Otherwise, we would be faced with numerous cases where there are implicit or inferential constitutional challenges. In regards to the claim that this court can look to the context of the proceeding and can take into account the defendant's sentencing memorandum ostensibly claiming that the statute was unconstitutional as applied to the defendant, the danger of such a claim is that that would allow this court or other court to declare that findings are made in the absence of an explicit finding by the court simply because a particular party espoused for a particular ruling. That's never been the doctrine of jurisprudence in this state or any other state that I know of, because instead we don't allow the parties to define what the issues are. We allow the courts to decide what the rulings are. My opponent here would ask this court to look solely to what the defendant was asserting to Judge Lynn. Also, while it is true that the State's Attorney did not respond in writing to the memorandum, the record is absolutely clear that the State's Attorney pointed out to Judge Lynn explicitly the three cases from the Illinois Appellate Court post Miller explaining why the statute was constitutionally applied to adult defendants who are found guilty under an accountability theory. And so while it is true, as my counsel, as opposing counsel stated, that Miller itself never says that it is explicitly limited the rule to juveniles, the Miller opinion does talk about the basis of the holding the unique convergence of the three statutes. The Appellate Court has explicitly held that, that the Miller rule is defined based upon the juvenile status of the defendant. Judge Lynn couldn't avoid that. He had to follow that rule of law. He chose not to in this case. And finally, as to the question of whether or not we can ask for mandamus in this case, I just wish to point out to the court that counsel's argument would really put the state between a rock and a hard place because under counsel's theory, we should have instead filed a notice of appeal, even though there's no good faith basis in the record to believe that there was a finding of unconstitutionality, and then also run the risk of a motion to dismiss for lack of jurisdiction because there was no finding of lack of constitutionality. And then to turn around and try and do a mandamus and be faced with a laches defense because we, we waited too long to bring the mandamus. This court has recognized that laches is a significant defense to mandamus action. And so in this case, we were faced with the decision to be made within 30 days. We filed within 30 days, our motion for leave to file a writ of mandamus, the same date that would have been due for a notice of appeal. And looking at the record, knowing the law is demonstrated by this court in rule 18, there is no basis to believe that there was a finding of unconstitutionality. Um, and council has conceded that nothing in the record shows an explicit finding of unconstitutionality, nothing in the record shows compliance with rule 18. And yet council would have the state seek an appeal from a finding that was never made. And it's for those reasons that the petitioner Richard A. Devine and the Cook County State's Attorney's Office respectfully requested this court issue a writ of mandamus against Judge Lynn and order him to impose the natural life sentence as required by statute. Thank you. Thank you. Case number 106311 will be taken under advisement as agenda number six.